**Wayne KINGDOM et al.,
Plaintiffs-Appellants,**

v.

**The YOUNGSTOWN CARTAGE CO. et al., Defendants-Appellees.**

No. 77–3568.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1979.
Decided Jan. 22, 1980.

Bernard A. Berkman, Harvey S. Yasinow, Berkman, Gordon, Kancelbaum & Levy, George W. Palda, Cleveland, Ohio, for plaintiffs-appellants.

Peter B. Grinstein, Nadler & Nadler, Youngstown, Ohio, for Youngstown Cartage Co.

Eugene Green, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, for Local Union No. 377.

Before EDWARDS, Chief Judge, WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Plaintiffs Kingdom, et al. were individual owner-operators of tractor trailers leased to the company by them under a collective bargaining contract between Teamsters Local No. 377 and Youngstown Cartage Company. The suit is based upon the fact that in 1975, all equipment leases between

the company and its drivers were cancelled without regard to seniority established by the plaintiffs as owner-operators. The plaintiffs filed a grievance with their union claiming that this represented a breach of the collective bargaining agreement. These grievances were denied by the National Grievance Committee, consisting of an equal number of employer and union representatives, 17 months after the grievances had been filed with the union.

Subsequent thereto, these plaintiffs filed this suit under Section 301 of the Labor Management Relations Act alleging breach of the collective bargaining agreement by the company and breach of the duty of fair representation by the union. A motion to dismiss the complaint was filed by the company. Included therewith was a motion for more definite statement filed as an alternative in the event the motion to dismiss was denied. No depositions, admissions or affidavits or answers to interrogatories were filed in this proceeding in relation to or by any party.

Counsel for the company and counsel for the union did stipulate with the approval of the district court that the plaintiffs should be granted a period until August 15 to respond to the company's motion to dismiss and motion for more definite statement filed above. However, before the plaintiff drivers responded and before the August 15 date set in the stipulation, the district court, treating the motion for dismissal as to Youngstown Cartage Co. as a motion for summary judgment, granted it. This action, of course, leaves unresolved the allegations of unfair representation filed against the union.

Assuming without deciding that the plaintiffs' unfair representation claims against the union (as now filed or perhaps as they may be fleshed out by amendment) might prevail in the district court, dismissal of the claims against the company would patently serve to deprive plaintiffs of any possible relief against their employer.

Under these circumstances, we believe that summary judgment on this record was inappropriate. Without in any sense ex-

pressing or implying any decision on the merits of any defense to this action urged in these briefs by either appellees Youngstown or defendant union, we hold that the summary judgment entered by the district court should be vacated under the authority of *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 566, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Directly applicable to our instant appeal is the following paragraph from the *Hines* opinion of the Court:

> Under the rule announced by the Court of Appeals, unless the employer is implicated in the Union's malfeasance or has otherwise caused the arbitral process to err, petitioners would have no remedy against Anchor even though they are successful in proving the Union's bad faith, the falsity of the charges against them, and the breach of contract by Anchor by discharging without cause. This rule would apparently govern even in circumstances where it is shown that a union has manufactured the evidence and knows from the start that it is false; or even if, unbeknownst to the employer, the union has corrupted the arbitrator to the detriment of disfavored union members. As is the case where there has been a failure to exhaust, however, we cannot believe that Congress intended to foreclose the employee from his § 301 remedy otherwise available against the employer if the contractual processes have been seriously flawed by the union's breach of its duty to represent employees honestly and in good faith and without invidious discrimination or arbitrary conduct.

424 U.S. at 570, 96 S.Ct. at 1059.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this per curiam opinion.